Case 2:20-cv-00038   Document 11   Filed on 03/31/20 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
March 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL RAY WEST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-38 |
| | § | |
| CECILIA R SELZLER, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Michael Ray West, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I.    JURISDICTION

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Telford Unit in New Boston, Texas. Plaintiff's claims in this lawsuit arise in connection with Plaintiff's previous housing assignment at the McConnell Unit in Beeville, Texas.

In his Original Complaint, Plaintiff sues Celilia R. Selzler and Sharon Ruiz in their individual capacities. Defendants each work as grievance officers at the McConnell Unit. Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs by failing to comply with applicable policy (AD-03-82), which governs the handling of his medical grievances. Plaintiff seeks monetary relief.

Plaintiff alleges the following facts in his complaint. Plaintiff suffered a head injury on January 6, 2017. From January 26, 2017 through April 19, 2017, Plaintiff filed numerous grievances (Grievance Nos. 2017079324, 2017093349, 2017094500, 2017098883, 2017104867, 2017107128, 2017108169, 2017112180, 2017112990, 2017113388, 2017114779, 2017115245, 2017115880, 2017114779, 2017112180, and 2017122851), in which he complained about: (1) repeatedly being denied medical attention for his head injury suffered on January 6, 2017; and (2) medical officials retaliating against him in connection with his lack of medical care received. Each

grievance was reviewed and denied by either Defendant Selzler or Defendant Ruiz. Plaintiff states that Defendants failed to comply with AD-03-82[2] when handling each of these grievances.

### III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d

---

[2] Plaintiff has not provided any allegations detailing the policies set forth in AD-03-82.

322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Res Judicata

Plaintiff acknowledges that he brought the same claims against Defendants in a previous civil rights action. (*See* D.E. 1, p. 8; *West v. Beeville County Jail, et al.*, 2:17cv181 (S.D. Tex.) ("*West I*"). In that case, Plaintiff sued Defendants as well as several other medical officials from the McConnell Unit. Plaintiff claimed that Defendants effectively denied him medical care following his head injury suffered on January 6, 2017, by reviewing his various grievances and then erroneously denying them on the basis that Plaintiff had not sought to resolve his medical complaints informally through an I-60 request.

On October 4, 2017, Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (October 4, 2017 M&R), recommending that Plaintiff's claims against Defendants be dismissed with prejudice for failure to state a claim and/or as frivolous. (*West I*, D.E. 30, pp. 14-16). Senior District Judge Hilda G. Tagle subsequently adopted the October 4, 2017 M&R but ruled that Plaintiff's claims against Defendants were dismissed without prejudice. (D.E. 67, p. 2).

The undersigned will first consider whether Plaintiff's claims in this action are barred by the doctrine of *res judicata*. "Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999) (citing *Super Van Inc. v. San Antonio*, 92 F.3d 366, 370 (5th Cir. 1996)). "Under the doctrine of *res judicata*, a prior federal court judgment is preclusive if the following four elements are present: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by

a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Quinonez v. State of Texas*, No. H-16-0822, 2016 WL 2894920, at *2 (S.D. Tex. May 17, 2016) (citing *Test Masters Educ. Svc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)).

The doctrine of *res judicata* does not operate to bar a claim where that claim was raised in a previous lawsuit and then dismissed without prejudice. *See Misko v. Backes*, No. 3:16-CV-3080, 2017 WL 3328123, at *2 (N.D. Tex. Jul. 14, 2017). *See also Chalmers v. Gavin*, No. 3:01-CV-528, 2002 WL 511512, at *3 (N.D. Tex. 2002) (recognizing that a dismissal without prejudice is not an adjudication upon the merits and, therefore, has no *res judicata* effect). Because Plaintiff's claims against Defendants in *West I* were dismissed without prejudice, they are not barred by *res judicata* in this action.

### B. Analysis of Plaintiff's Claims

Before considering the merits of Plaintiff's claims, it is necessary to determine whether Plaintiff brought them in a timely manner. Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). Dismissal is appropriate if it is clear from

the face of the complaint that the claims asserted are barred by the applicable statute of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

The events forming the basis of Plaintiff's claims occurred in 2017. From January 26, 2017 through April 19, 2017, Plaintiff filed numerous grievances complaining about the medical care he was receiving as well as retaliation by medical officials. According to Plaintiff, all of his grievances were reviewed and denied by either Defendant Selzler or Defendant Ruiz in 2017. Plaintiff further alleges that, around August of 2017, he exhausted his administrative remedies regarding the improper handling of his grievances by Defendants. (D.E. 1-1, p. 8).

Under the prison mailbox rule, Plaintiff filed this prisoner civil rights action on January 21, 2020,[3] over two years after the events forming the basis of Plaintiff's deliberate indifference claims against Defendants occurred. Plaintiff's allegations, taken as true, reflect that he discovered the full extent of his injuries with respect to Defendants' actions in 2017, when: (1) his grievances were reviewed and denied; and (2) he sought to file grievances against Defendants later that year. Plaintiff's claims against Defendants, therefore, are time barred pursuant to the running of the applicable two-year statute of limitations. Accordingly, the undersigned respectfully recommends that Plaintiff's deliberate indifference claims against Defendants be dismissed with prejudice as time barred.

Furthermore, even if Plaintiff's claims against Defendants were not time barred,

---

[3] *Pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). Plaintiff signed and executed his complaint on January 21, 2020, and it was filed in this Court eight days later. The undersigned assumes for purposes of this Memorandum and Recommendation that Plaintiff presented his complaint to prison authorities on the day he signed and executed it.

they remain subject to dismissal. Plaintiff's deliberate indifference claims against Defendants center on their failure to comply with the applicable policy related to the handling of his medical grievances. Plaintiff's allegations, at best, point to his dissatisfaction with the decisions by Defendants Selzler and Ruiz in their review and rejection of Plaintiff's grievances. Such allegations, however, fail to state a cognizable constitutional claim. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 138 (1977) (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding that the plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances).

Accordingly, the undersigned respectfully recommends that Plaintiff's deliberate indifference claims against Defendants Selzler and Ruiz in their individual capacities be dismissed with prejudice for failure to state a claim for relief and/or as frivolous.

## V.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim for relief and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. §

1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 31st day of March, 2020.

Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).