United States District Court
Southern District of Texas
**ENTERED**
May 11, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL RAY WEST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-038 |
| | § | |
| CECILIA R SELZLER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING IN PART MEMORANDUM
## AND RECOMMENDATION TO DISMISS CASE

On March 31, 2020, United States Magistrate Judge Julie K. Hampton issued her "Memorandum and Recommendation to Dismiss Case" (M&R, D.E. 11), recommending that this action be dismissed as time-barred and for failure to state a claim upon which relief may be granted or as frivolous. On May 6, 2020, Plaintiff filed his objections. D.E. 14. While not timely, the Court considers the objections on their merits.

First, Plaintiff complains that his pleadings should be liberally construed because he is acting pro se. The Court is aware of Plaintiff's status and the rule of liberal construction, but no action has been taken on the basis of a construction of his pleadings that is too strict. The Court OVERRULES the first objection.

The M&R observed that Plaintiff had failed to provide any detail regarding the terms of the grievance policy (AD-03-02) on which he bases his claim. D.E. 11, p. 3 n.2. In response, Plaintiff has provided that additional detail. Reading his objections liberally, he appears to be stating this second objection: the M&R erred because the specific terms

1 / 3

of the grievance policy did, indeed, require Defendants to take particular action, such that they are liable for their omissions.

To be plain, the M&R does not recommend dismissal because there was no violation of the specific terms of a prison policy.  It recommends dismissal because an inmate cannot base a claim on a prison employee's failure to properly execute a prison grievance policy.  M&R, D.E. 11, p. 8 (citing cases).  Plaintiff's objection does not address that well-established proposition of law.  Accordingly, Plaintiff's second objection is OVERRULED.

Third, Plaintiff objects to the M&R's conclusion that his claims are barred by the statute of limitations.  He argues that the two-year statute was tolled during the pendency of his prior claim against these Defendants, which was dismissed without prejudice. Pursuant to Federal Rule of Civil Procedure 54(b), he argues that the dismissal was not final until the remaining claims were disposed of, leaving him plenty of time to file this action within the remainder of his two-year period.  The M&R did not consider this argument.  Given this Court's holding that the claim is not one upon which relief may be granted, the Court need not, and does not, further address the limitations argument.  The Court declines to adopt that part of the M&R devoted to limitations.

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's Memorandum and Recommendation (D.E. 11), and all other relevant documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge, with the exception of those addressing the statute of limitations defense.  Accordingly, this action is **DISMISSED WITH**

2 / 3

**PREJUDICE**.   It is further **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 11th day of May, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE