United States District Court
Southern District of Texas
**ENTERED**
May 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL RAY WEST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-38 |
| | § | |
| CECILIA R SELZLER, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO RECONSIDER**

Plaintiff Michael Ray West, a Texas inmate appearing pro se and in forma pauperis, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's Motion to Reconsider. (D.E.s 17&18). For the reasons stated below, it is respectfully recommended that Plaintiff's motion be **DENIED**.

**I.   BACKGROUND**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Telford Unit in New Boston, Texas. Plaintiff's claims in this lawsuit arise in connection with Plaintiff's previous housing assignment at the McConnell Unit in Beeville, Texas.

In his Original Complaint, Plaintiff sues Cecilia R. Selzler and Sharon Ruiz in their individual capacities. Defendants each work as grievance officers at the McConnell Unit. Plaintiff claims that Defendants acted with deliberate indifference to his serious

medical needs by failing to comply with applicable policy (AD-03-82), which governs the handling of his medical grievances. Plaintiff seeks monetary relief.

Plaintiff alleges the following facts in his complaint. Plaintiff suffered a head injury on January 6, 2017. From January 26, 2017 through April 19, 2017, Plaintiff filed numerous grievances (Grievance Nos. 2017079324, 2017093349, 2017094500, 2017098883, 2017104867, 2017107128, 2017108169, 2017112180, 2017112990, 2017113388, 2017114779, 2017115245, 2017115880, 2017114779, 2017112180, and 2017122851), in which he complained about: (1) repeatedly being denied medical attention for his head injury suffered on January 6, 2017; and (2) medical officials retaliating against him in connection with his lack of medical care received. Each grievance was reviewed and denied by either Defendant Selzler or Defendant Ruiz. Plaintiff states that Defendants failed to comply with AD-03-822 when handling each of these grievances.

On March 31, 2020, the undersigned entered a Memorandum and Recommendation ("M&R") recommending that his complaint be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  (D.E. 11).  Plaintiff filed objections to the March 31, 2020 M&R.  (D.E. 14).  On May 11, 2020, United States District Judge Nelva Gonzales Ramos adopted in part the M&R and entered final judgment in this case.  (D.E.s 15&16).  While not timely, the District Court did consider the Plaintiff's objections on their merits.  (D.E. 15).

In his pending motions, Plaintiff makes statements about the timeline for the documents he received by the Court and about the fact that he filed written objections. Plaintiff does not acknowledge that the District Court did, in fact, consider his objections in making its ruling. Plaintiff seems to argue that his objections were not considered by the Court. Plaintiff offers no new argument or evidence for the Court's consideration. Plaintiff asks that the Court amend its May 11, 2020 order and reinstate the case. The undersigned construes Plaintiff's motion as seeking reconsideration of the Court's May 11, 2020 Order and Final Judgment.

## II.  DISCUSSION

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). On May 22, 2020 and May 26, 2020, the Court received Plaintiff's Motions and the envelopes are post-marked May 18, 2020 and May 19, 2020. (D.E.s 17 & 18).

Pursuant to the prison mailbox rule, the undersigned finds that Plaintiff's motion was filed in this Court on May 18, 2020.[1] Because Plaintiff filed his motion within twenty-eight (28) days of the entry date of the final judgment, the undersigned will construe his motion as one arising under Rule 59(e).

---

[1] *Pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

In his Rule 59(e) motion, Plaintiff presents no specific argument to demonstrate that a manifest error of law or fact has occurred. Because Plaintiff is not entitled to any relief with respect to the final judgment entered against him, his Rule 59(e) motion should be denied.

## III. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Reconsideration, construed as a Rule 59(e) motion (D.E.s 17 & 18), be **DENIED**.

ORDERED this 29th day of May, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).