United States District Court
Southern District of Texas
**ENTERED**
August 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL RAY WEST, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-038 |
| | § | |
| CECILIA R SELZLER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## AMENDED ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO DENY MOTION TO RECONSIDER

On May 29, 2020, United States Magistrate Judge Julie K. Hampton issued her "Memorandum and Recommendation to Deny Plaintiff's Motion to Reconsider" (M&R, D.E. 19). Magistrate Judge Hampton construed Plaintiff's submissions (D.E. 17, 18) as a motion to alter or amend the Final Judgment (D.E. 16) under Federal Rule of Civil Procedure 59(e). As such, the Magistrate Judge recommended that the motion be denied for failing to establish a manifest error of law or fact, and for failing to present newly discovered evidence under Federal Rule of Civil Procedure 59(e). Plaintiff filed multiple documents construed as objections to the recommendation. D.E. 28, 29, 31. The Court considers the objections on their merits.

Plaintiff's first three objections are derived from his lengthy discussion regarding the dates on which he received notice of court action and the dates on which he placed objections or motions in the mail. First, he appears to complain that he was denied an opportunity to object to the Court's Order Adopting in Part Memorandum &

Recommendation to Dismiss Case (D.E. 15) prior to entry of the Final Judgment (D.E. 16).  Plaintiff claims that he had a ten-day period in which to object under Federal Rule of Civil Procedure 72.

This argument is misplaced.  Rule 72 allows a fourteen-day period[1] to object to a *magistrate judge's* recommendation on a dispositive matter.  It does not apply in any way to a *district judge's* orders, including those adopting or rejecting a magistrate judge's recommendations.  To the extent that he complains of denial of an opportunity to object to this Court's dispositive action, the first objection is OVERRULED.

Second, Plaintiff's discussion regarding the timing of his incoming and outgoing mail also includes multiple representations that he obtained videotapes documenting the dates involved.  He appears to suggest that this is "new evidence" that entitles him to relief under Rule 59(e).  However, the timing of his mail does nothing to change the result of the Court's analysis of the merits of his case.  For that reason, it is not the type of "new evidence" contemplated by Rule 59(e) that would require altering or amending the judgment.  As set out above, the deadline he appears to be concerned with does not apply.   And his complaints have not been rejected on the basis of untimeliness. Therefore, to the extent that his objection characterizes his mail activity videotapes as Rule 59(e) new evidence, the second objection is OVERRULED.

Third, he appears to object to construing his complaints as a Rule 59(e) motion for the reason that he was intending to object under Rule 72.  Because he did not have a right to object under Rule 72, the most favorable treatment he could get for his complaints was

---

[1]  Plaintiff may be working from a prior version of the rule that used a ten-day deadline.

construction as a motion under Rule 59(e), which applies when the motion is filed within 28 days of the judgment.  The third objection is based on a misunderstanding of the rules and is OVERRULED.

Fourth, Plaintiff restates that his pleadings should be liberally construed as he is acting pro se. D.E. 28, p. 6; 31, p. 2. This Court previously recognized Plaintiff's status and the rule of liberal construction. D.E. 15, p. 1. Plaintiff has not identified, and the Court has not found, any violation of the rule of liberal construction. The Court OVERRULES the fourth objection.

Fifth, Plaintiff complains that the Court's Order (D.E. 15), declining to adopt the recommendation on limitations as moot, opened the case to liberal pleading amendments under Rule 15.  D.E. 28, p. 7.  To the contrary, the dispositive ruling—without a determination of the limitations bar—ended the case.  The complaint was dismissed, leaving nothing to be amended.  Once again, Plaintiff misconstrues the operation of the rules and this Court's actions.  The fifth objection is OVERRULED.

Sixth, Plaintiff objects to the Final Judgment because he did not consent to adjudication by the Magistrate Judge. D.E. 29; 31, p. 1.  Plaintiff's complaint is incorrect on its face.  Under 28 U.S.C. § 636(b), a district court judge may refer pretrial matters to a magistrate judge.  In that event, any dispositive matters are addressed by the magistrate judge in the form of a memorandum and recommendation containing findings of fact and recommendations subject to the district court's independent review.  In that scenario, a party's consent is not required.  28 U.S.C. § 636(b) (2009).  This referral involves "the entire process tak[ing] place under the district court's total control and jurisdiction."

*United States v. Raddatz*, 447 U.S. 667, 681 (1980).  And, where such referral occurs, through the district court's supervision over the magistrate judge, the district court retains "jurisdiction over the case at all times." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

This Court finds no error in the Magistrate Judge's assessment of Plaintiff's Rule 59(e) motion (D.E. 19, pp. 3-4), nor does it find that Plaintiff's jurisdictional objection (D.E. 29, 31) is meritorious.  Thus, the sixth objection is OVERRULED.

In sum, the plaintiff's objections are **OVERRULED**. Having reviewed the Magistrate Judge's Memorandum and Recommendation (D.E. 19), and all other relevant documents in the record, and finding no error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the motions to alter or amend the final judgment (D.E. 17, 18) are **DENIED**.

ORDERED this 14th day of August, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE